## B. W. BLYDENSTEIN ET AL. v. C. F. HASELTINE.

### APPEAL BY PLAINTIFFS FROM THE COURT OF COMMON PLEAS NO. 3 OF PHILADELPHIA COUNTY.

Argued January 30, 1891—Decided February 16, 1891.

(*a*) Section 5, act of May 25, 1887, P. L. 272, provides that, in assumpsit, judgment may be moved for want of an affidavit of defence, or for want of a sufficient affidavit, for the whole or part of the plaintiff's claim, as the case may be, in accordance with the present practice :

1. Said section recognizes the present practice, under the rules of court in certain counties, whereby the plaintiff may have judgment for the portion of his claim not denied by the affidavit of defence, and afterwards may proceed to trial for that which is denied.

2. But, in counties where no such rule exists, if the plaintiff take judgment for the portion of his claim admitted by the affidavit of defence and issue execution therefor, he is not entitled to proceed thereafter to recover the residue of his claim.*

Before PAXSON, C. J., CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 73 January Term 1891, Sup. Ct.; court below, No. 84 December Term 1889, C. P. No. 3.

On November 30, 1889, B. W. Blydenstein, and certain others, trading in London, England, as B. W. Blydenstein & Co., brought assumpsit against Charles F. Haseltine, filing a statement of claim to recover upon certain drafts drawn in London upon the defendant, in Philadelphia, and accepted by him, aggregating £3,400 or $16,654.23. On December 14th, the defendant filed an affidavit of defence, denying liability for a portion only of the aggregate sum claimed upon grounds specifically stated, but admitting liability for the residue.

On December 17, 1889, a rule was taken for judgment for want of a sufficient affidavit of defence. After argument thereof, the court, on January 22, 1890, ordered judgment to be entered for the plaintiffs for the amount admitted to be due, and on January 28th, judgment was so entered for $7,508.58. The

---

* Observe : Judgment was here asked for want of a plea as to the residue denied. And see Stedman v. Poterie, 139 Pa. 100.

Opinion of the Court.

plaintiffs thereupon issued a writ of fieri facias, and on January 31st, the writ was returned "stayed," and by order of the plaintiffs' attorney the judgment was marked satisfied.

On February 24, 1890, the plaintiffs entered a rule on the defendant to plead, as to the portion of the claim denied by the affidavit of defence. No plea being entered, the plaintiffs, on June 18, 1890, entered a rule for judgment for want of a plea, " for $9,500, the difference between the amount claimed and the amount admitted." This last rule, on October 11, 1890, after argument, was discharged, without opinion filed; whereupon the plaintiffs took this appeal, assigning the discharge of said rule for error.

*Mr. William S. Stenger,* for the appellants.

Counsel cited: Section 5, act of May 25, 1887, P. L. 272; Marlin v. Waters, 127 Pa. 177; Mr. Carr's note to Detmold v. Coal Co., 3 W. N. 567; McKinney v. Mitchell, 4 W. & S. 25; Coleman v. Nantz, 63 Pa. 178; Russell v. Archer, 76 Pa. 473; Commonwealth v. McCleary, 92 Pa. 188.

*Mr. John G. Johnson,* for the appellee.

Other than cases cited for the plaintiffs, counsel cited: Brazier v. Banning, 20 Pa. 348.

PER CURIAM:

The plaintiffs took judgment for the amount admitted to be due by the affidavit of defence, issued an execution therefor, and collected the money. Subsequently, they took a rule for judgment for $9,500, the difference between the amount claimed and the amount admitted, for want of a plea, which rule was discharged by the court below.

It was conceded there is no rule of the court below authorizing the plaintiffs to take judgment for the amount admitted to be due, and to proceed for the remainder. There is no such right at common law, which recognizes but one judgment in a particular case; nor has any act of assembly been called to our attention which sustains the plaintiffs' contention. It is true, there is a rule of court in many counties of the state which authorizes this mode of procedure. The act of May 25, 1887, P. L. 272, provides that "in the action of assumpsit, judgment

Statement of Facts.

may be moved for, for want of an affidavit of defence, or for want of a sufficient affidavit, for the whole or part of the plaintiff's claim, as the case may be, in accordance with the present practice in actions of debt and assumpsit." This act evidently recognizes the practice above referred to; but in the county of Philadelphia, there is not, as before observed, any rule of court or practice which permits a plaintiff to take judgment for the amount admitted to be due, and to proceed for the residue of the claim.

Judgment affirmed.